THE HONORABLE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSOP , INC. | Civil Action No. |
| Plaintiff, | **COMPLAINT FOR TRADE DRESS INFRINGEMENT** |
| v. | |
| DAKOTA TRADING COMPANY, INC. and JOHN DOES 1-10, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, Allsop, Inc., doing business as Allsop (hereinafter "Allsop"), for its complaint against Defendant Dakota Trading Company, doing business as "Halter Mount" and various John Does (hereinafter collectively "Halter") alleges as follows:

## I.   NATURE OF THE ACTION

1.   This action results from Halter's blatant and willful misappropriation and infringement of Allsop's most valuable intellectual property assets pertaining to its originally designed Metal Art Monitor Stand ("Metal Art Stand").

2.   Allsop is a family-run consumer product company selling products throughout the United States. Since its halcyon days, Allsop early on entered the consumer electronics business with the introduction of the mechanized audio cassette deck cleaner and the development and

COMPLAINT-1
Civil Action No.
ALSP-6-0001 P01 CMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

introduction of the first video cassette recorder "VCR" cleaner in the 1970's. In the 1980's and 1990's, the family businesses had expanded and the company became a global company with the establishment of Allsop Europe in Waterford, Ireland.

3. Since its founding, Allsop has continuously expanded its consumer product line adding many originally designed computer products such as keyboard drawers, printer stands, and media storage devices. One of its products developed in its current form in 2002 is Allsop's very popular and tremendously financially successful Metal Art Stand.

4. Upon information and belief, in a deliberate attempt to profit from Allsop's valuable intellectual property and hard-earned reputation, Halter has marketed and sold an exact copy of Allsop's Metal Art Stand as pictured below side-by-side with Halter's infringing product.

 

**Figure 1 Allsop Metal Art Stand**          **Figure 2 Halter Monitor Stand**

5. Upon information and belief, Halter has intentionally and willfully copied the ornamental aspects and stylized design of Allsop's Metal Art Stand, including the round, smoothed uni-frame styled tubular edges of the stand's frame and curved rear shape that leads from the legs to the mount.

6. Moreover, Halter's willful intent to trade off Allsop's intellectual property and create a false association between its monitor stand is evident by Halter choosing to copy exactly the distinctive ornamental design of Allsop's Metal Art Stand. Allsop brings this suit to address its considerable losses and prevent the continued willful infringement of its valuable intellectual property rights. Halter's willful and malicious misappropriation has caused and will continue to cause irreparable and continuing harm to Allsop.

COMPLAINT-2
Civil Action No.
ALSP-6-0001 P01 CMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

7. This action arises out of after Allsop's learning of Halter's monitor stand and Allsop's attempt to have Halter cease and desist from selling its infringing monitor stand. After laying out the nature of the infringement to Halter, Allsop attempted to engage Halter to negotiate an amicable settlement in the hope Halter would cease selling its infringing monitor stand. Ultimately, Halter ignored Allsop's assertions of its intellectual property in its Metal Art Stand.

8. Accordingly, due to Halter's blatant and willful continuous infringement and refusal to cease and desist, Allsop has no choice but to file this lawsuit seeking injunctive relief and damages that it has suffered as a result of Halter's (a) false designation of origin, false endorsement, and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), unfair competition, trade dress dilution under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)(C) and, violation of the Washington State Consumer Protection Act RCW 19.86.010, et seq.

## II. JURISDICTION AND VENUE

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action alleges violations of the Lanham Act (15 U.S.C. § 1125).

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

11. This Court has personal jurisdiction over Halter because it purposely availed itself of the jurisdiction of the federal district court in the Western District of Washington by regularly transacting business within the Western District of Washington including offering for sale an infringing monitor stand to citizens of Washington residing within the Western District, and has distributed, offered for sale, sold, and advertised an infringing monitor stand throughout the United States, including Washington and this judicial district.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as Defendant has committed tortious acts in this jurisdiction; a substantial part of the events giving rise to the claim occurred here.

COMPLAINT-3
Civil Action No.
ALSP-6-0001 P01 CMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

### III.  THE PARTIES

13.  Plaintiff Allsop, Inc. is a corporation of the State of Washington, having a business address of 909 Squalicum Way, #111, Bellingham, Washington 98225.

14.  On information and belief, Dakota Trading, Inc. is a corporation of New York, having a business address of 163 Imlay Street, Brooklyn, New York 11231.

### IV.  GENERAL ALLEGATIONS

15.  For nearly twenty-five years Allsop has developed various desktop accessories, including monitor stands. Allsop's products are well-known in the computer accessories field for their superior styling that combines leading-class affordability and novel design.

16.  Allsop introduced its original Metal Art Stand in 1999 and the current design in 2002. Allsop markets its Metal Art Stand throughout the United States and the world, including through distributors and retail partners in the United Kingdom, Germany, France, Spain, Italy, Ireland, Greece, Russia, Poland, Sweden, Norway, Holland, and Canada as well as others.

17.  Allsop's Metal Art Stand is available in the United States through: retail channels at thousands of retail stores in all fifty states, including such stores as Staples, Wal-Mart, and Office Depot; the Internet at hundreds of leading online websites, including Allsop's own website at *allsop.com*, and national Internet retailers including, Amazon, Office Depot/Office Max, Best Buy, Target, Microcenter, Walmart.com, and Fry's; and, through nation-wide catalog distributors such as United Stationers, SP Richards, Synnex, and Petra.

18.  Since at least as early as 2002, Allsop has been marketing its Metal Art Stand throughout the United States. Allsop's marketing efforts include substantial marketing expenditures related to catalog and direct marketing flyers/promotions, in addition to expenditures spent on such marketing to support direct sales and Co-op programs to support Allsop's retail partners. All the foregoing expenditures have been very successful in promoting Allsop's Metal

COMPLAINT-4
Civil Action No.
ALSP-6-0001 P01 CMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Art Stand as a superior-styled and affordable desktop monitor accessory in the retail and internet channels of trade.

19. Since at least 2002, Allsop has sold more than one million units of its Metal Art Stand throughout the United States.

20. The Metal Art Stand trade dress has become distinctive of a monitor stand through Allsop's substantially exclusive and continuous use in commerce since 2002.

21. Based on nearly fifteen years of continued, exclusive use and extensive promotion, Allsop's Metal Art Stand has developed significant and favorable consumer notice through reviews at well-known retailers such as Amazon, Walmart, and Best Buy.

22. The success of Allsop's Metal Art Stand has established that consumers understand that the Metal Art Stand trade dress exclusively denotes Allsop as the source of a superiorly styled affordable desktop monitor stand.

23. On or around September 2016, Allsop became aware of Halter's selling of its infringing monitor stand under the brand name Halter and being sold by Super Deal and Halter over the internet through online retailers like Amazon, Ebay, and at *haltermount.com*. On information and belief Halter sells it infringing monitor stand both at retail and wholesale.

24. On information and belief Dakota Trading, Inc. is the owner of the Halter brand and the seller Super Deal and various John Doe companies also selling or having sold infringing monitor stands.

25. Upon this information, on or around October 27, 2016, Allsop sent Halter a cease-and-desist letter with regard to its infringing use of Allsop's trade dress through the sale of its infringing monitor stand.

26. On or around early November and through early December 2016 various communications were exchanged with Halter in an attempt to settle the infringement claim. Thereafter, through the filing of this complaint, Halter has ignored all further attempts to settle and continues to willfully infringe Allsop's trade dress.

COMPLAINT-5
Civil Action No.
ALSP-6-0001 P01 CMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## V. FIRST CAUSE OF ACTION
**(Lanham Act Unfair Competition, False Endorsement and False Designation of Origin)**
**[15 U.S.C. 1125(A)]**

27. Allsop repeats and realleges each and every allegation above as though fully set forth herein.

28. Halter deliberately and intentionally copied the ornamental aspects and stylized design of Allsop's Metal Art Stand, including the uni-frame round, smoothed tubular edges of the stand's frame and curved rear shape that forms from the rear to the mount and the Metal Art Stand's overall look. By duplicating the "total image and overall appearance of a product," Halter has copied the Metal Art Stand's particular trade dress, the copying of which leads to confusion among Allsop's customers.

29. The distinctive design of the Metal Art Stand is not functional as it is not essential to the use or purpose of a monitor stand nor does the design affect the cost or quality of the stand; the design is merely an ornamental arrangement of features. For these reasons, the distinctive design of the Metal Art Stand and the arrangement of features are protectable as trade dress.

30. The Allsop trade dress in the Metal Art Stand is non-functional and is inherently distinctive or has acquired distinction within the meaning of the Lanham Act.

31. Through its intentional use of the misleading design and copying of Allsop's Metal Art Stand, Halter is knowingly and intentionally misrepresenting and falsely designating to the general public the affiliation, connection, association, origin, source, endorsement, sponsorship, and approval of Allsop, and intends to misrepresent and falsely designate to the general public the affiliation, connection, association, origin, source, endorsement, sponsorship, and approval of the Halter monitor stand so as to create a likelihood of confusion by the public as to the affiliation, connection, association, origin, source, endorsement, sponsorship, and approval of the Halter monitor stand. At no time did Allsop authorize Halter to reproduce, adapt, or distribute the Metal Art Stand.

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

32. Through its intentional use of the misleading design of its monitor stand, Halter is knowingly and intentionally misrepresenting and falsely designating to the general public the affiliation, connection, association, origin, source, endorsement, sponsorship, and approval of Allsop, and intends to misrepresent and falsely designate to the general public the affiliation, connection, association, origin, source, endorsement, sponsorship, and approval of Halter's monitor stand, so as to create a likelihood of confusion by the public as to the affiliation, connection, association, origin, source, endorsement, sponsorship, and approval of Allsop.

33. Halter's conduct has been intentional and willful, and is calculated specifically to trade off the goodwill that Allsop has developed in its successful Metal Art Stand, making this an exceptional case under 15 U.S.C. § 1117.

34. The aforesaid acts of Halter constitute false designation of origin, false endorsement, and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

35. As a direct result of Halter's actions infringing Allsop's trade dress rights, Allsop has sustained and will continue to sustain, substantial injury, loss, and damages in an amount to be proven at trial. Allsop is entitled to a permanent injunction restraining Halter, its officers, directors, agents, employees, representatives, and all persons acting in concert, from engaging in further acts of trade dress infringement.

## VI. SECOND CAUSE OF ACTION
### (Lanham Act Unfair Competition, Trade Dress Dilution)
### [15 U.S.C. 1125 (A) (C)]

36. Allsop repeats and realleges each and every allegation above as though fully set forth herein.

37. The Allsop Metal Art trade dress is famous and it is distinctive. It has existed in the market for nearly fifteen years before the existence of the Halter monitor stand that duplicates the Metal Art Stand trade dress and Halter has introduced its monitor stand with its duplicative trade dress into the market after the Metal Art Stand trade dress became famous.

COMPLAINT-7
Civil Action No.
ALSP-6-0001 P01 CMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

38. Halter deliberately and intentionally copied the ornamental aspects and stylized design of Allsop's Metal Art Stand, including the uni-frame round, smoothed tubular edges of the stand's frame and curved rear shape that forms from the rear to the mount and the Metal Art Stand's overall look. By duplicating the "total image and overall appearance of a product," Halter has copied Allsop's particular trade dress, the introduction of Halter's monitor stand has diluted the trade dress that Allsop through its promotion of the Metal Art Stand has sufficiently nurtured into "famous" status.

39. The distinctive design of the Metal Art Stand is not functional as it is not essential to the use or purpose of a monitor stand nor does the design affect the cost or quality of the stand; the design is merely an ornamental arrangement of features. For these reasons, the distinctive design of the Metal Art Stand and the arrangement of features are protectable as trade dress.

40. The Allsop trade dress in the Metal Art Stand is non-functional and is inherently distinctive or has acquired distinction within the meaning of the Lanham Act.

41. Through Halter's intentional duplication and introduction of the Allsop trade dress into commerce, Halter is knowingly and intentionally diluted in the eyes of the general public the famous trade dress the Metal Art Stand comprises.

42. Halter's conduct has been intentional and willful, and is calculated specifically to trade off the goodwill that Allsop has developed in its successful Metal Art Stand, making this an exceptional case under 15 U.S.C. § 1117.

43. The aforesaid acts of Halter constitute, unfair competition and dilution in violation of 15 U.S.C. § 1125(a)(1)(A)(C).

44. As a direct result of Halter's actions diluting Allsop's trade dress rights, Allsop has sustained and will continue to sustain, substantial injury, loss, and damages in an amount to be proven at trial. Allsop is entitled to a permanent injunction restraining Halter, its officers, directors, agents, employees, representatives, and all persons acting in concert, from engaging in further acts of trade dress dilution.

COMPLAINT-8
Civil Action No.
ALSP-6-0001 P01 CMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## VII. THIRD CAUSE OF ACTION
### (Washington State Unfair Competition)
### [RCW 19.86.010 et seq.]

45. Allsop repeats and realleges each and every allegation above as though fully set forth herein.

46. Halter's distribution, marketing, promotion, offering for sale, and sale of monitor stands incorporating the Allsop trade dress is likely to cause confusion, mistake, or deception as to the source, affiliation, sponsorship, or authenticity of Allsop's goods. As a result of Halter's unauthorized use of trade dress that is identical to and/or confusingly similar to Allsop's trade dress, the public is likely to believe that Halter's goods have been manufactured, approved by, or are affiliated with Allsop. Thus, Allsop's ability to gain revenue through the sale of its Metal Art Stand incorporating its trade dress is limited.

47. Halter's unauthorized use of Allsop's intellectual property falsely represents Halter's monitor stand as emanating from or being authorized by Allsop and places beyond Allsop's control the quality of the infringing products. This unauthorized use constitutes an unfair trade practice under Washington's Consumer Protection Act.

48. Allsop's' unfair trade practice is willful and intended to reap the benefit of the goodwill Allsop has developed in its Metal Art Stand.

49. As a result of Allsop's wrongful conduct, Allsop has suffered, and will continue to suffer, substantial damages. Under RCW.19.86 Allsop is entitled to recover damages, which includes any and all profits Halter has made as a result of its wrongful conduct.

50. In addition, because Halter's unfair trade practice is willful, the award of actual damages and profits should be trebled pursuant to RCW 19.86.090 as well as appropriate attorneys' fees and costs.

COMPLAINT-9
Civil Action No.
ALSP-6-0001 P01 CMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## VIII. PRAYER FOR RELIEF

**WHEREFORE,** Allsop prays for judgment against Halter as follows:

1. For a permanent injunction, enjoining Halter and all persons acting in concert with it from using the trade dress of Allsop in connection with any monitor stand or from otherwise using Allsop's trade dress, as embodied in its Metal Art Stand or any confusingly similar use thereof, in any way causing the likelihood of confusion, deception, or mistake as to the source, nature, or quality of Allsop's Metal Art Stand and to deliver to the Court for destruction or other reasonable disposition all materials bearing the infringing trade dress in Halter's possession or control;

2. For any and all damages sustained by Allsop;

3. For all of Halter's profits wrongfully derived from its intentional and willful infringement of Allsop's intellectual property rights;

4. For a judgment against Halter declaring this case to be exceptional under the Lanham Act and therefore subjecting Halter to liability for enhanced damages;

5. For exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate;

6. For reasonable attorney's fees;

7. For costs of suit herein; and

8. For other such relief as the Court deems proper.

COMPLAINT-10
Civil Action No.
ALSP-6-0001 P01 CMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

RESPECTFULLY SUBMITTED this 13th day of February 2017.

                                                           _____
                                                           Darren Jones, WSBA No. 21953
                                                           Richard Alaniz, WSBA No. 26194

                                                           LOWE GRAHAM JONES$^{PLLC}$
                                                           701 Fifth Avenue, Suite 4800
                                                           Seattle, WA 98104
                                                            T: 206.381.3300
                                                           F: 206.381.3301
                                                           Jones@LoweGrahamJones.com
                                                           Alaniz@LoweGrahamJones.com

                                                           Attorneys for Allsop, Inc.

COMPLAINT-11
Civil Action No.
ALSP-6-0001 P01 CMP

LOWE GRAHAM JONES$^{PLLC}$
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301