UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSOP, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DAKOTA TRADING COMPANY,<br>INC., et al.,<br><br>　　　　　　　Defendants. | CASE NO. C17-0221JLR<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S LOCAL RULES |

　　　　Plaintiff Allsop, Inc. ("Allsop") filed its complaint herein on February 13, 2017. (Compl. (Dkt. # 1).) Instead of appearing and filing Defendant Dakota Trading Company, Inc.'s ("Dakota Trading") answer on the court's electronic docket, Mr. Ezra Sutton emailed a copy of Dakota Trading's answer to the court's email address that is reserved for sending copies of proposed orders in WORD format to the court. (*See* Email (Dkt. # 5).) In his July 25, 2017, email, Mr. Sutton represented that he "will . . . be preparing and filing a Motion Pro Hac Vice." (*Id.*) To date, however, Mr. Sutton has

ORDER - 1

filed no such motion with the court. (*See generally* Dkt.) Then on September 18, 2017, counsel for Allsop filed a joint status report that is signed by Mr. Sutton, although Mr. Sutton still has not properly appeared in this action. (*See* JSR (Dkt. # 7).)

Mr. Sutton's actions violate the court's Local Rules in multiple ways. First, he has failed to seek pro hac vice admission and has failed to obtain local counsel. *See* Local Rules W.D. Wash. LCR 83.1(d). Second, he has attempted to appear in this suit in a manner contrary to that proscribed by the court's Local Rules. *See id.*, LCR 83.2. ("An attorney eligible to appear may enter an appearance in a civil case by signing and filing a Notice of Appearance, complaint, amended complaint, answer, amended answer, Notice of Removal, motion to intervene, or motion for joinder on behalf of the party the attorney represents."). Third, he sent his client's answer to the court in an improper manner. *See id.*, LCR 5(d) ("Unless otherwise specifically ordered by the court or directed by the clerk, all counsel are required to electronically file documents through the court's electronic filing system and to comply with the electronic filing procedures for the district."). Finally, and most seriously, by signing the parties' joint status report, he certified that he is currently eligible to practice before this court, but there is no record of his admission to the Western District of Washington. *See id.*, LCR 83.3(b)(1) ("By signing any document filed with the court or otherwise participating in any manner before the court, an attorney certifies that he or she is currently eligible to practice before the court."); *see also id.*, LCR 83.1(a) ("The bar of this court consists of those who have been admitted to practice before this court.").

Accordingly, the court ORDERS Mr. Sutton to (1) file a motion for pro hac vice admission in this court, (2) make an appearance in this suit in accordance with the court's Local Rules, and (3) show cause why sanctions should not be imposed for his multiple violations of the court's Local Rules. The court further ORDERS Mr. Sutton to file his motion for pro hac vice and make an appearance in accord with the court's Local Rules within ten (10) days of the entry of this order. In addition, the court ORDERS Mr. Sutton to file his response to this order to show cause within five (5) days of his appearance in this suit. Finally, because Mr. Darren Jones, counsel for Allsop, filed the joint status report containing Mr. Sutton's signature, the court ORDERS Mr. Jones to serve Mr. Sutton with a copy of this order within three (3) days of the order's entry.

Dated this 21st day of September, 2017.

JAMES L. ROBART
United States District Judge